[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE VERDICT (#119) AND FOR A NEW TRIAL(#207).
On February 1, 1995, the jury returned a verdict in favor of the defendant Michael DePalo, Jr. on a claim brought by the plaintiff, Patricia Kari for personal injuries arising out of an automobile accident which occurred on January 23, 1992. Lawrence J. Remo, although not a defendant in the original action, had been cited in as a defendant for the purpose of apportioning liability. As part of its verdict, the jury answered interrogatories, in part as follows:
JURY INTERROGATORIES
1. Was the accident proximately caused by the negligence of the following parties to this action: (Answer "Yes" or "No" for each party.) A. Michael DePalo Yes ____ No x
CT Page 2280 B. Lawrence Remo Yes x No ____
2. What percentage of negligence which proximately caused the plaintiff's injuries is attributable to each party (the combined negligence must equal 100%):
 A. Michael DePalo _______________% B. Lawrence Remo 100%
The plaintiff has filed a motion to set aside the verdict setting forth sixteen grounds, some of which verge on contemptuous allegations. Appendix A. Counsel has failed to file any documentation to substantiate his claims or to cite any portion of the transcript to back up the allegations. Under these circumstances, the court declines to dignify the claims except for the following.
The only exceptions taken by the plaintiff concerned the emergency doctrine, accident evidence, loss of earning capacity, and future physical disability. The claims raised in the motion to set aside concerning the charge were not raised at the trial. SeeAspiazu v. Orgera, 205 Conn. 637.
There was no ex parte communication between the court and the defendant's attorney. The court during a recess merely handed to counsel copies of proposed jury interrogatories and verdict forms which were also delivered to plaintiff's counsel. The verdict forms submitted to the jury had appropriate places for economic damages and non economic damages and the court instructed the jury as to each. Appendix B.
Through inadvertance by the clerk, the exhibits were not submitted to the jury as soon as they were checked by counsel. However, as soon as the court was aware of this situation, they were immediately sent in.
The weight of the evidence was a matter for the jury to assess and determine. State v. Uretek, Inc., 207 Conn. 706, 710. It is apparent that the jury found from the evidence that the plaintiff sued the wrong party and that the defendant DePalo was not the responsible party. This is a decision the jury was justified in making based upon the evidence and there is no basis for this court to interfere.
For the reasons set forth, the motions to set aside and for a CT Page 2281 new trial are denied.
PICKETT, J.
APPENDIX A
No. CV93 0063446S : SUPERIOR COURT
PATRICIA KARI : JUD. DIST. OF LITCHFIELD
vs. : AT LITCHFIELD
MICHAEL DEPALO, JR. : FEBRUARY 6, 1995
MOTION TO SET ASIDE VERDICT AND MOTION FOR NEW TRIAL
The plaintiff respectfully moves to set aside the verdict and for a new trial, pursuant to the provisions of Section 320 of the Practice Book, for the following reasons:
1. The Court's charge to the jury was erroneous in the following ways:
A. The charge was unfairly biased against the plaintiff;
B. The charge was unfairly biased in favor of the defendant;
C. The charge incorrectly stated and unfairly characterized evidence;
D. Elements of the charge unfairly biased against the plaintiff were repeated more than once;
E. The jury was incorrectly and unfairly instructed to disregard a portion of the plaintiff's evidence relating to her future damages;
F. The charge was given at a pace, and with such diction that it was often incomprehensible to the jury;
G. Portions of the charge that would enable the jury to find for the defendant were given noticeable emphasis, and with noticeably greater clarity of diction; CT Page 2282
2. The Court allowed the defendant's complaint against the non-appearing third party defendant to go to the jury, when the third party defendant was only in the case for purposes of apportionment;
3. The Court, during a recess, approached the defendant, and initiated and engaged in an ex parte conference regarding the Court's intended jury interrogatories and special verdict form, deliberately and intentionally excluding the plaintiff from the conference;
4. The special verdict form submitted to the jury was erroneous as not constructed in accordance with C.G.S. Sec.52-572h(f);
5. The Court refused to modify the special verdict form to conform to the aforementioned statute, even after a correct proposed special verdict form was presented to the Court and a speaking objection was made to the Court's form;
6. The Court failed to rule on the aforementioned speaking objection, and when a ruling was requested by counsel, the Court's response was "Don't be surprised",
7. The Court failed to instruct the jury that they must specify the amount of economic damages as required by C.G.S. Sec. 52-572h(f);
8. The Court failed to instruct the jury that they must specify the amount of noneconomic damages as required by C.G.S. Sec. 52-572h(f);
9. At the conclusion of the charge, the Court requested that the jury retire to the jury room, without admonishing the jurors not to discuss the case or begin deliberations prior to the submission of the exhibits to the jury;
10. After hearing exceptions to the charge, the Court declared a recess, failing to further instruct the jurors, and failing to submit the exhibits to the jury;
11. Only at the insistence of the plaintiff was the Court reached in camera by telephone, and only subsequent to CT Page 2283 this were the exhibits submitted to the jury;
12. As a result of this, the Court allowed the jury to deliberate for approximately twenty minutes without having the exhibits in the jury room, in contravention of law;
13. During the course of the trial, the Court prevented the plaintiff from making her record and giving reasons for spoken objections;
14. During the course of the trial, the Court ruled on objections in a manner evidencing partiality toward the defendant, and bias against the plaintiff;
15. During the course of the trial, the Court indicated through glances and body language to defendant to make objections, and upon counsel making such objections, they were granted without opportunity for the plaintiff to be heard;
16. The weight of the evidence does not support the verdict, and the Court erred in not setting aside the verdict sua sponte.
All of aforesaid errors were materially injurious to the plaintiff, and require that the verdict be set aside and that a new trial be granted.
THE PLAINTIFF,
 BY _____________________ WILLIAM S. PALMIERI Law Offices of John R. Williams 51 Elm St., Suite 409 New Haven, CT 06510 (203) 562-9931
APPENDIX B
CV 93 0063446 : SUPERIOR COURT
PATRICIA KARI : JUDICIAL DISTRICT
v. : OF LITCHFIELD CT Page 2284 MICHAEL DEPALO, JR. : FEBRUARY __, 1995
PLAINTIFF'S VERDICT
1. In this case, the Jury finds the issues for the Plaintiff, PATRICIA KARI as against the Defendant, MICHAEL DEPALO, JR., and finds that said Defendant's negligence in causing the accident, if any, was _____%.
2. The Jury finds that fair, just and reasonable compensation for the Plaintiff's damages is as follows:
A. The sum of $ ________ as economic damages.
B. The sum of $ ________ as non-economic damages.
For total damages of $ ________ dollars. (Total A and B)
3. Multiplication of #2 by #1 equals $ ________ dollars.
 _________________________ Foreperson
N.B. The foreperson must sign in ink and date the form.
CV 93 0063446 : SUPERIOR COURT
PATRICIA KARI : JUDICIAL DISTRICT
v. : OF LITCHFIELD
MICHAEL DEPALO, JR. : FEBRUARY __, 1995
DEFENDANT'S VERDICT
In this case, the Jury finds the issues for the Defendant, MICHAEL DEPALO, JR. as against the Plaintiff, PATRICIA KARI, and awards no damages.
 _______________________ Foreperson
N.B. The foreperson must sign in ink and date this form. CT Page 2285